1 | Brooke A. M. Taylor, WSBA 33190 (Admitted *Pro Hac Vice*)
btaylor@susmangodfrey.com
2 | Jordan W. Connors, WSBA 41649 (Admitted *Pro Hac Vice*)
jconnors@susmangodfrey.com
3 | SUSMAN GODFREY L.L.P.
4 | 1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
5 | Telephone: (206) 516-3880
Facsimile: (206) 516-3883

Stephen E. Morrissey, CA Bar 187865
7 | smorrissey@susmangodfrey.com
SUSMAN GODFREY L.L.P.
8 | 1901 Avenue of the Stars, Suite 950
9 | Los Angeles, CA 90067-6029
Telephone: (310) 789-3103
10 | Facsimile: (310) 789-3150

11 | *Plaintiff Vasudevan Software, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| VASUDEVAN SOFTWARE, INC., | Case No. 3:11-06638-RS |
|---|---|
| Plaintiff, | **VSI'S OPPOSITION TO TIBCO'S MOTION TO DISMISS VSI'S INDIRECT AND WILLFUL INFRINGEMENT CLAIMS** |
| vs. | |
| TIBCO SOFTWARE, INC. | Date: April 26, 2012 |
| Defendant. | Time: 1:30 p.m.<br>Courtroom: 3, 17th Floor |

**Table of Contents**

**I.   INTRODUCTION** ................................................................................................................ 1
**II.  LEGAL AUTHORITY** ........................................................................................................ 3
**III. ARGUMENT** ....................................................................................................................... 4
   **A.   VSi Sufficiently Pleaded Its Willful Infringement Claims** .......................................... 4
   **B.   VSi Sufficiently Pleaded Its Inducement Claims** ......................................................... 8
**IV. IF THE COURT HAS ANY DOUBT, VSI SHOULD BE GRANTED LEAVE TO AMEND** ............................................................................................................................... 10
**V.  CONCLUSION** .................................................................................................................. 10

**Cases**

*Ashcraft v. Iqbal*, 129 S. Ct. 1937 (2009) .................................................................................. 3, 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................................................ 4

*Bender v. National Semiconductor Corp.*, No. C 09-01151 JSW,
  2009 WL 4730896 (N.D.Cal. Dec. 7, 2009) ................................................................................ 8

*TracBeam, LLC v. AT&T, Inc.*, C.A. 6:11-cv-96-LED (E.D. Tex. Mar. 27, 2012) ..................... 4, 5

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003) ...................................... 10

*ePlus Inc. v. Lawson Software, Inc.*, 2011 WL 4704212 (E.D. Va. Oct. 4, 2011).................. 4, 6, 7

*Foman v. Davis*, 371 U.S. 178, 182 (1962) .................................................................................. 10

*Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060 (2011)........................................ 4, 7, 8

*Groupon Inc. v. MobGob LLC*, 2011 WL 2111986 (N.D. Ill. May 25, 2011) ............................ 5, 9

*Gurstafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508 (Fed. Cir. 1990) ...................... 7

*Intellect Wireless Inc. v. Sharp Corp.*, 2012 WL 787051 (N.D. Ill. March 9, 2012)....................... 9

*IpVenture, Inc. v. Cellco P'ship*, No. C 10-04755 JSW,
  2011 WL 207978 (N.D. Cal. Jan. 21, 2011) ................................................................................ 7

*Metzler Inv. GMBH v. Corinthinan Colls, Inc.*, 540 F.3d 1049 (9th Cir. 2008)............................. 3

*Miles, Inc. v. Scripps Clinic and Research Foundation*, 951 F.2d 361 (9th Cir. 1991).................. 5

*National Presto Industries, Inc. v. West Bend Co.*, 76 F.3d 1185 (Fed. Cir. 1996)........................ 7

*Oracle Corp. v. DrugLogic, Inc.*, 807 F.Supp.2d 885 (N.D. Cal. 2011) ......................................... 4

*Rambus, Inc. v. NVIDIA Corp.*, No. 08–cv–3343,
  2008 WL 4911165 (N.D. Cal. Nov. 13, 2008)......................................................................... 4, 8

*Reddy v. Litton Indus., Inc.*, 912 F.2d 291 (9th Cir. 1990) ............................................................. 3

*Sealant Systems Int'l, Inc. v. TEK Global,* 2012 WL 13662 (N.D. Cal. Jan. 4, 2012) .................... 5

*SEB v. Montgomery Ward & Co.*, 2008 WL 4540416 (S.D.N.Y. Oct. 1, 2008) ............................. 4

*Solannex, Inc. v. MiaSole*, No. C 11-00171 PSG, 2011 WL 4021558 (N.D. Cal. Sept. 9, 2011). .. 7

*Sony Corp. v. LG Electronics U.S.A., Inc.*, 768 F.Supp.2d 1058 (C.D. Cal. 2011) ......................... 4

*Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, 2011 WL 3946581 (N.D. Ill. Sept. 2, 2011 ........ 9

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

TIBCO has now attempted to dismiss VSi's claims for inducement and willful infringement (but not direct infringement) twice. Although TIBCO has filed two briefs, it still has not denied that it had actual knowledge of the patent-in-suit before the lawsuit. TIBCO's motivation for trying to dismiss these claims is transparent: TIBCO either knew of or willfully blinded itself to VSi's U.S. Patent No. 7,167,864 ("the '864 Patent") before VSi filed suit, but wants to escape justice for inducing and willfully infringing that patent. To cover its tracks, TIBCO seeks to keep VSi from pursuing discovery on those subjects. TIBCO's motion to dismiss is meritless, however. As reflected in VSi's amended complaint, inventor Mark Vasudevan personally put TIBCO on notice of VSi's patent portfolio, which includes the '864 Patent, prior to the filing of VSi's initial complaint.

In early 2006, VSi had meetings with TIBCO in which VSi demonstrated its patented MIDaS software to TIBCO and expressly notified TIBCO that the MIDaS software was covered by VSi's patent portfolio. Amd. Compl. (Dkt. 55), ¶¶ 11-12. At that time, VSi's patent portfolio consisted of U.S. Patent No. 6,877,006 ("the '006 Patent"), which issued on April 5, 2005, as well as VSi's then-pending patent application no. 10/911,368 (a continuation of the '006 Patent), which issued soon thereafter as the '864 Patent ("the '864 Patent Application"). Mr. Vasudevan made a point of telling TIBCO specifically about the '864 Patent Application and that the MIDaS software embodied its claims. *Id.* This is important because the claims of the '864 Patent Application pending at that time and the claims that were allowed shortly thereafter as part of the '864 Patent (and asserted in this litigation) <u>did not change</u>. VSi had a similar meeting with Spotfire, Inc. ("Spotfire") in 2005 after the '006 patent issued, in which Mr. Vasudevan demonstrated the patented MIDaS software and notified Spotfire that MIDaS was covered by the

VSI'S OPPOSITION TO  Case No. 3:11-06638-RS
TIBCO'S MOTION TO DISMISS
1

'006 Patent. *Id.* TIBCO then acquired Spotfire in 2007.[1]

At the time of those meetings, VSI, TIBCO and Spotfire were among only a handful of competitors in the business intelligence software space. Amd. Compl., ¶ 13. Further, TIBCO and Spotfire must have recognized the similarities between VSi's patented MIDaS Software and their own software products, and that there was a high probability that their own software products infringed VSi's '864 Patent. *Id.*

Based on these facts showing VSi's disclosure of its patent portfolio and patented software, TIBCO either had actual knowledge of the '864 Patent well before this suit was filed or willfully blinded itself to the existence of the '864 Patent. TIBCO's attempt to cast VSi's willfulness allegations as unrelated to the Patent-in-Suit rings hollow. TIBCO concedes that the aim of its motion is to foreclose VSi from pursuing discovery into TIBCO and Spotfire's exposure to VSi's patented inventions. Yet TIBCO continues to act with reckless disregard towards VSi's '864 Patent. Accordingly, VSi's willfulness allegations pass muster, and TIBCO's motion should be denied, especially at the motion to dismiss stage.

TIBCO's knowledge of, or willful blindness to, the '864 Patent similarly supports VSi's pre-suit inducement claims. And with respect to inducement since VSi filed its complaint on December 23, 2011, TIBCO cannot contest that it now has knowledge of the '864 Patent and continues to provide its customers with detailed instructions that promote and demonstrate how to use its products in a way that infringes the '864 Patent. *See* Ex. 1, evidence cited in VSi's infringement claim charts. For this reason and at the very least, TIBCO cannot challenge VSi's post-suit inducement cause of action.

---

[1] The Court recently dismissed Spotfire as a defendant to this lawsuit based on TIBCO's representation that it "actually assumed the liabilities of Spotfire" during the acquisition. Dkt. No. 43.

It is also telling that TIBCO's motion omits a representation that TIBCO lacked pre-suit knowledge of the '864 Patent-in-Suit. TIBCO refused to make this statement because either TIBCO knows that it was aware of the patent prior to the lawsuit, or TIBCO neglected to research the issue. In any event, discovery will show—one way or the other—whether TIBCO actually knew of the VSi '864 Patent before the lawsuit or whether it simply buried its head in the sand.

VSi's complaint satisfies the pleading requirements. VSi should not be forced to provide additional facts prior to discovery, many of which are in TIBCO's possession.

## II. LEGAL AUTHORITY

Under the Federal Rules, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED R. CIV. P. 8(a)(2). While detailed factual allegations are not required, a complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcraft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In other words, a complaint must have sufficient factual allegations to "state a claim for relief that is plausible on its face." *Id.*

When evaluating a Rule 12(b)(6) motion to dismiss, the Court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *See Metzler Inv. GMBH v. Corinthinan Colls, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). Review of a motion to dismiss is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice. *Id.* at 1061. If the Court ultimately determines that the pleaded allegations are insufficient to state a claim, the Court should grant leave to amend. *See*, *e.g.*, *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).

### III. ARGUMENT

#### A. VSi Sufficiently Pleaded Its Willful Infringement Claims

VSi pleaded sufficient facts, if accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For the purposes of willful patent infringement, *Iqbal* and *Twombly* require a plaintiff to plead (1) what products or aspects of products allegedly infringe, and (2) that the defendant had actual notice of the patent-in-suit or willfully blinded itself to the existence of the patent-in-suit. *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2071 (2011);[2] *Oracle Corp. v. DrugLogic, Inc.*, 807 F.Supp.2d 885, 902 (N.D. Cal. 2011) ("DrugLogic has alleged that Oracle and Phase Forward were aware of the '091 patent and 'continued their actions.' Accordingly, the Court finds that DrugLogic has alleged sufficient facts to support a plausible claim for willful infringement."); *Sony Corp. v. LG Electronics U.S.A., Inc.*, 768 F.Supp.2d 1058, 1064 (C.D. Cal. 2011) (citing *Rambus, Inc. v. NVIDIA Corp.*, No. 08–cv–3343, 2008 WL 4911165, at *3–4 (N.D. Cal. Nov. 13, 2008)); *ePlus Inc. v. Lawson Software, Inc.*, 2011 WL 4704212 at *3-4 (E.D. Va. Oct. 4, 2011); *c.f. TracBeam, LLC v. AT&T, Inc.*, C.A. 6:11-cv-96-LED (E.D. Tex. Mar. 27, 2012) ("The willfulness standard does not require 'actual knowledge' [of the patent]") (Ex. 2).

Additionally, contrary to TIBCO's assertions, a "plaintiff need not allege specific facts establishing objective recklessness under *Seagate*." *Sony Corp.*, 768 F.Supp.2d at 1064 (citing *Rambus*, 2008 WL 4911165, at *3–4); *see also Sealant Systems Int'l, Inc. v. TEK Global,* 2012

---

[2] While much of the Supreme Court's *Global-Tech* opinion applies the willful blindness doctrine to the existence of a patent in the context of indirect infringement, its holding is not so limited. Indeed, the *Global-Tech* patentee relied, in effect, on the defendant's willful blindness to the existence of the asserted patent to achieve a finding of willful infringement at trial. *SEB v. Montgomery Ward & Co.*, 2008 WL 4540416 (S.D.N.Y. Oct. 1, 2008). That finding of willful infringement was not disturbed post trial or on appeal. *Id.*; 594 F.3d 1360, 1380 (Fed. Cir. 2010).

1  WL 13662, at *3 (N.D. Cal. Jan. 4, 2012) ("While TEK may have proceeded in the absence of an
2  objectively high likelihood that its actions constituted infringement of a valid patent, that is a
3  matter of fact to be decided after appropriate discovery on the topic—not before. TEK's motion
4  to dismiss the claim for willful infringement is denied").  Therefore, to meet its burden at the
5  pleading stage, VSi must only identify which TIBCO products infringe the '864 patent and that
6  TIBCO either had notice of or willfully blinded itself to the '864 patent.
7
8          As an initial matter, TIBCO does not, and could not, contest that VSi identified which
9  TIBCO products infringe the '864 patent.  Amd. Compl. (Dkt. 55), ¶¶ 10-11 (identifying the
10 TIBCO Spotfire Platform products as infringing).  Thus, this Court must decide whether it is
11 adequate for VSi to plead that "upon information and belief, [TIBCO] had actual pre-suit
12 knowledge of VSi's patent portfolio, including the invention claimed in the '864 Patent" when (1)
13 "VSi demonstrated its patented software MIDaS" to both TIBCO and its subsidiary, (2) VSi
14 "notified TIBCO that MIDaS was covered by [its] '006 Patent and another pending continuation
15 patent application that issued as the '864 Patent," and (3) "the '864 Patent is a continuation of the
16 '006 Patent and thus the two patents share an identical specification."[3]  *Id.* at ¶¶ 11-12.  The
17 answer to that question is a resounding "yes."  *See TracBeam*, C.A. 6:11-cv-96-LED (E.D. Tex.
18 Mar. 27, 2012) (denying motion to dismiss willful infringement claims when plaintiff pled that it
19 informed defendant of the applications that issued as the patents-in-suit and defendant knew or
20 should have known of those patents upon their issuance) (Ex. 2); *see also Groupon Inc. v.
21 MobGob LLC*, 2011 WL 2111986, at *3 (N.D. Ill. May 25, 2011). ("[A] plaintiff may plead
22 conditions of the mind, such as knowledge and intent, generally….  Moreover, while Groupon

---

[3] VSi respectfully requests that the Court take judicial notice of the fact that the '006 Patent and the '864 Patent share a common specification and that the '864 Patent is a continuation of the '006 Patent.  *See* Exs. 3-4; *see also Miles, Inc. v. Scripps Clinic and Research Foundation*, 951 F.2d 361, 362 (9th Cir. 1991) (noting that a court can properly take judicial notice of a patent without converting a motion to dismiss into a motion for summary judgment).

pleads MobGob's actual knowledge of the patent upon information and belief, that is a common and accepted pleading practice.") (internal citations omitted).

But even if the Court determines at this initial stage and without discovery that VSi has not sufficiently pleaded that TIBCO actually knew of the '864 Patent prior to the litigation, VSi certainly pleaded sufficient facts to show that TIBCO willfully blinded itself to the existence of the '864 Patent. Such facts include: (1) "TIBCO knew before this lawsuit of VSi's patent portfolio (including the '006 Patent and the continuation patent application that issued as the '864 Patent)"; (2) "TIBCO knew before this lawsuit of … the functionality of VSi's patented MIDaS software"; (3) "TIBCO knew before this lawsuit … that the MIDaS software was protected by VSi's patent portfolio"; (4) "TIBCO also recognized … the similarities between VSi's patented MIDaS software and its own TIBCO Spotfire Platform Products;" (5) "TIBCO also recognized … that there was a high probability that TIBCO's Spotfire Platform products infringed VSi's '864 Patent"; (6) "TIBCO also recognized … that VSi and TIBCO were among only a handful of competitors in the business intelligence software space"; and (7) "TIBCO [took] deliberate actions to avoid a known risk that VSi had a protective '864 Patent." Amd. Compl., ¶ 13. Further, TIBCO was undoubtedly aware of the prior litigation involving the '864 Patent between VSi and two other competitors. *See* Ex. 5. These facts constitute more than deliberate indifference to a known risk or recklessness, but instead show that TIBCO took the affirmative step of burying its head in the sand to avoid learning of the '864 Patent (assuming *arguendo* that TIBCO did not already have actual knowledge of the '864 Patent). *See ePlus*, 2011 WL 4704212 at *3-4 (sufficient evidence of willful blindness when Defendant knew that patentee was a competitor and relied on industry research analysts who had publicized patentee's prior litigations involving the same patents about which patentee later sued defendant).

TIBCO, therefore, was on notice of VSi's patented MIDaS software and either had actual

knowledge of the '864 Patent well before this suit was filed or willfully blinded itself to the existence of the '864 Patent. Despite such knowledge, TIBCO continues to willfully and deliberately infringe the '864 Patent. *See National Presto Industries, Inc. v. West Bend Co.*, 76 F.3d 1185, 1193 (Fed. Cir. 1996) (rejecting defendant's argument that infringement could not have been willful where plaintiff filed suit the same day the patent-in-suit issued because "West Bend knew exactly when Presto's patent came into existence, and indeed had several months' advance notice, whereas in *State Industries* the infringer had no knowledge of the patent beyond the footnote 'Patent Applied For' in the patentee's literature.").

The cases that TIBCO cites are distinguishable. In *IpVenture, Inc. v. Cellco P'ship*, the plaintiff alleged that its patent application was cited in the defendants' patents – not that the defendants had knowledge or notice of the plaintiff's patent. No. C 10-04755 JSW, 2011 WL 207978, at *2 (N.D. Cal. Jan. 21, 2011). Similarly, in *Solannex, Inc. v. MiaSole*, the court noted that the plaintiff alleged that the defendant cited the plaintiff's publication number in the defendant's patent application, but did not allege that the defendant "had any advance notice of the allowed claims or even that any claims would be allowed." No. C 11-00171 PSG, 2011 WL 4021558, at *3 (N.D. Cal. Sept. 9, 2011). Likewise, in *Gurstafson, Inc. v. Intersystems Indus. Prods., Inc.*, the plaintiff did not dispute the court's finding that the defendant was aware of the patents-in-suit only as of the date when the plaintiff filed suit. 897 F.2d 508, 511 (Fed. Cir. 1990). By contrast, here TIBCO and Spotfire had contact with Mark Vasudevan, and he demonstrated VSi's patented MIDaS software and disclosed that it was covered by the '006 Patent and the continuation application which matured into the '864 Patent. Alternatively, TIBCO was at minimum willfully blind after learning of VSi's patent portfolio, including the '864 Patent Appl'n, yet took deliberate actions to avoid further knowledge regarding the '864 Patent. *Global-Tech*, 131 S. Ct. at 2071; *ePlus*, 2011 WL 4704212 at *3-4.

VSi has therefore met its pleading burden by identifying which TIBCO products infringe the '864 Patent and alleging facts that demonstrate that TIBCO had either adequate pre-suit notice of the '864 Patent or willfully blinded itself to the '864 Patent. The Court should reject TIBCO's improper attempt to limit discovery into VSi's pre-suit interactions with TIBCO, which is clearly relevant to VSi's claims.

### B. VSi Sufficiently Pleaded Its Inducement Claims

VSi has similarly pleaded facts from which the Court can onclude that TIBCO actively induced and continues to induce infringement of the '864 Patent. To state a claim for inducement pursuant to 35 U.S.C. § 271(b), VSi must allege that TIBCO "knowingly induced infringement" by third parties. *See, e.g., Rambus v. Nvidia Corp.*, 2008 WL 4911165 at *3. That necessarily includes a requirement that the accused inducer either knew of the patent or willfully blinded itself to the existence of the patent. *Global-Tech*, 131 S. Ct. at 2070. However, while the Supreme Court's decision in *Global-Tech.* addresses what plaintiffs must prove on the merits, it does not address or heighten the pleading requirements for inducement. *See id.* at 2068-71.

Here, VSi alleges that TIBCO "has indirectly infringed and continues to indirectly infringe by inducing its customers to directly infringe the '864 Patent by providing its customers and others with detailed explanations, instructions, and information as to arrangements, applications, and use of its TIBCO Spotfire Platform products that promote and demonstrate how to use those products in an infringing manner" and that TIBCO "knows or reasonably should know that its actions induce its customers to directly infringe the '864 Patent (*i.e.*, TIBCO intended and intends for its customers to directly infringe the '864 Patent)." Amd. Compl., ¶ 11. This is sufficient to show TIBCO's specific intent to infringe. *Bender v. National Semiconductor Corp.*, No. C 09-01151 JSW, 2009 WL 4730896, at *3 (N.D.Cal. Dec. 7, 2009) (finding plaintiff's proposed amendment alleging that defendant induced infringement "by providing its

customers and others with detailed explanations, instructions, and information as to arrangements, applications, and uses of its products that promote and demonstrate how to use its products in an infringing manner" sufficient).

TIBCO also had knowledge of VSi's '864 Patent. As to any pre-suit inducement, as discussed above, TIBCO was on adequate notice of the '864 Patent well before this suit was filed on December 23, 2011 or willfully blinded itself to the patent. As to any post-suit inducement, VSi has adequately alleged that TIBCO "had actual knowledge of the '864 Patent by at least December 23, 2011, when VSi filed its initial complaint," yet "continues to indirectly infringe."[4] Amd. Compl., ¶ 11. This post-suit conduct alone can support a finding of inducement. *Intellect Wireless Inc. v. Sharp Corp.*, 2012 WL 787051, at *11 (N.D. Ill. March 9, 2012) ("Defendants' knowledge of the patent as of the time of the suit's commencement can satisfy the knowledge requirement for conduct that post-dates the date of the complaint."); *Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, 2011 WL 3946581, at *4 (N.D. Ill. Sept. 2, 2011); *Groupon*, 2011 WL 2111986, at *3.

That the law recognizes post-suit inducement based on notice arising from a lawsuit is not surprising. Indeed, an infringer should not be able to avoid a claim of inducement **for all times** by simply claiming lack of notice before the lawsuit. In other words, a defense of lack of notice, at most, can only insulate an infringer from pre-suit – not post-suit – inducement liability.

---

[4] TIBCO insinuates that VSi's Amended Complaint is improper as to TIBCO's continued, post-suit inducement because VSi did not first seek leave of Court under F.R.C.P 15(d). But this is a red herring, as VSi's initial complaint pleaded that TIBCO and its subsidiary "have infringed and **continue to infringe** [and are] **inducing** others to [infringe]." Initial Complaint, Dkt. No. 1, ¶12 (emphasis added). Thus, with respect to TIBCO's continued inducement, VSi's Amended Complaint does not introduce new, supplemental causes of action or facts that were not identified in VSi's initial complaint.

### IV. IF THE COURT HAS ANY DOUBT, VSI SHOULD BE GRANTED LEAVE TO AMEND

VSi's allegations meet the requisite pleading standard for willful infringement and inducement. Nevertheless, if the Court finds VSi's pleadings deficient, VSi should be granted leave to amend. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave when justice so requires." In the absence of any "apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). None of the reasons for denying leave to amend apply here. In the event that the Court finds VSi's current complaint deficient, VSi requests that the Court grant VSi leave to file an amended complaint to cure any deficiencies.

### V. CONCLUSION

For the foregoing reasons, VSi respectfully requests that the Court deny TIBCO's motion. In the alternative, VSi requests that the Court grant VSi leave to file an amended complaint.

Dated: April 3, 2012

RESPECTFULLY SUBMITTED,

SUSMAN GODFREY LLP

By: /s/ Brooke A.M. Taylor (by permission EJE)
Brooke A. M. Taylor
Lead Attorney
WA Bar No. 33190 (Admitted *Pro Hac Vice*)
btaylor@susmangodfrey.com
Jordan W. Connors
WA Bar No. 41649 (Admitted *Pro Hac Vice*)
jconnors@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800

Seattle, Washington 98101-3000
T: (206) 516-3880
F: (206) 516-3883 (fax)

Stephen E. Morrissey
CA Bar 187865
smorrissey@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
T: (310) 789-3103
F: (310) 789-3150 (fax)

Michael F. Heim
TX Bar No. 09380923 (Admitted *Pro Hac Vice*)
mheim@hpcllp.com
Leslie V. Payne
TX Bar No. 00784736 (Admitted *Pro Hac Vice*)
lpayne@hpcllp.com
Eric J. Enger
TX Bar No. 24045833 (Admitted *Pro Hac Vice*)
eenger@hpcllp.com
Nick P. Patel
TX Bar No. 24076610 (Admitted *Pro Hac Vice*)
npatel@hpcllp.com
HEIM, PAYNE & CHORUSH, LLP
600 Travis Street, Suite 6710
Houston, Texas 77002-2912
T: (713) 221-2000
F: (713) 221-2021(fax)

ATTORNEYS FOR PLAINTIFF

VSI'S OPPOSITION TO
TIBCO'S MOTION TO DISMISS

Case No. 3:11-06638-RS

11

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of April, 2012, a true and correct copy of the foregoing document was served on all parties via CM/ECF.

/s/Eric Enger
Eric Enger