IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VASUDEVAN SOFTWARE, INC., | No. C 11-06638 RS |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| TIBCO SOFTWARE INC., | |
| Defendant. | |

## I. INTRODUCTION

Defendant TIBCO Software Inc. moves to dismiss plaintiff Vasudevan Software, Inc.'s (VSi) claims for inducement and willful infringement in this patent case. TIBCO argues that VSi has inadequately plead those claims under Federal Rule of Civil Procedure 12(b)(6). VSi opposes the motion. In consideration of the pleadings, the arguments raised at the hearing, and for all the reasons set forth below, TIBCO's motion to dismiss must be granted, but with leave to amend.

## II. FACTS

VSi's First Amended Complaint (FAC) alleges TIBCO's Spotfire Platform infringes U.S. Patent No. 7,167,864 ("the '864 patent"), which was issued on January 23, 2007 for an invention entitled "Multimedia Inspection Database System" (MIDaS). TIBCO acquired Spotfire Inc. in June 2007, and with it, the Spotfire Platform. The FAC asserts direct and indirect infringement, in the form of inducement. In support of the latter, VSi alleges TIBCO is "inducing its customers to directly infringe the '864 Patent by providing its customers and others with detailed explanations, instructions, and information as to arrangements, applications, and use of its TIBCO Spotfire

Platform products that promote and demonstrate how to use those products in an infringing manner." FAC ¶ 11. VSi avers it "demonstrated its patented software MIDaS to Spotfire in 2005 and notified Spotfire MIDaS was covered by U.S. Patent No. 6,877,006 ('the '006 Patent')." *Id.* The '864 patent asserted in this case is a continuation of the '006 patent. In "early 2006," according to the FAC, VSi made a "similar presentation" of its MIDaS software to TIBCO. *Id.* During that presentation, VSi allegedly notified TIBCO that MIDaS was covered by the '006 patent and another pending continuation patent application that later issued as the '864 patent.[1] *Id.* Finally, VSi pleads that TIBCO had actual knowledge of the '864 patent at least by December 23, 2011, the date this suit was filed.

On the premise that TIBCO was thus put on notice of the '864 patent and VSi's patent portfolio, the FAC asserts TIBCO knew or should have known that its actions induced its customers to infringe directly the '864 patent. *Id.* On these same factual predicates, VSi also alleges willful and deliberate infringement. *Id.* at ¶ 12. In the alternative, VSi maintains TIBCO was willfully blind to its alleged infringement, and that of its customers, based on its purported knowledge of VSi's patent portfolio. In support of this allegation, VSi avers TIBCO was familiar with the functionality of the MIDaS software, and similarities between that product and its own Spotfire Platform. According to the FAC, TIBCO nonetheless took unspecified actions to blind itself to the risk of infringement. *Id.* at ¶ 13.

### III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations are not required," such a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556-67). Such a determination is a context-specific

---

[1] VSi's counsel clarified at oral argument that the '864 patent application was not presented to Spotfire during the 2005 presentation to that company.

task requiring the court "to draw on its judicial experience and common sense." *Id.* at 1950. A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) based on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When evaluating such a motion, the court must accept all material allegations in the complaint as true, even if doubtful, and construe them in the light most favorable to the non-moving party. *Twombly*, 550 U.S. at 570. "Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." *Bradley v. Chiron Corp.*, 136 F.3d 1317, 1322 (Fed. Cir. 1998).

To state a claim for patent infringement, the "patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007). Thus, for example, a patentee is not required to include specifically each element of the claims of the asserted patent in its complaint for infringement. *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000); *FotoMedia Techs., LLC v. AOL, LLC*, No. C 07-0255, 2008 WL 4135906, at *1 (E.D. Tex. Aug. 29, 2008). When dismissing a complaint, leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

## VI. DISCUSSION

A. Willful infringement

1. Actual knowledge

As a general matter, "[i]n order to establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objective likelihood that its actions constituted infringement of a valid patent."[2] *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). This definition of the claim consists of two prongs. First: "[i]nfringement is willful when the infringer was aware of the asserted patent, but nonetheless 'acted despite an objectively

---

[2] It is true, as VSi stresses, that *Seagate* articulates the standard for proof, not pleading. Thus, while it is strictly true that "plaintiff need not allege specific facts establishing objective recklessness under *Seagate*," precisely because *Seagate* did not concern the pleadings, it also cannot be invoked to relieve plaintiff of its obligation to plead facts consistent with the Federal Rules, *Iqbal*, and *Twombly*. *Sony*, 768 F. Supp. 2d at 1064.

1  high likelihood that its actions constituted infringement of a valid patent.'" *Id.* at 860 (quoting
2  *Seagate*, 497 F.3d at 1371). Second, "[a]fter satisfying this objective prong, the patentee must also
3  show that the infringer knew or should have known of this objectively high risk." *Id.*

4  Thus, "[t]o willfully infringe a *patent*, the patent must exist, and one must have knowledge
5  of it." *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1986) (emphasis in
6  original). "Hence a party cannot be found to have 'willfully' infringed a patent of which the party
7  had no knowledge. Nor is there a universal rule that to avoid willfulness one must cease
8  manufacture of a product immediately upon learning of a patent, or upon receipt of a patentee's
9  charge of infringement, or upon the filing of a suit." *Gustafson, Inc. v. Intersystems Indus. Prods.,*
10 *Inc.*, 897 F.2d 508, 511 (Fed. Cir. 1990). Rather, "[i]nfringement is willful when the infringer was
11 aware of the asserted patent, but nonetheless acted despite an objectively high likelihood that its
12 actions constituted infringement of a valid patent." *i4i Ltd P'ship v Microsoft Corp.*, 598 F.3d 831,
13 861 (Fed. Cir. 2010) (citing *Seagate*, 497 F.3d at 1371).

14 The parties first debate the significance of the presentations VSi made to Spotfire Inc. and
15 TIBCO in 2005 and 2006. TIBCO emphasizes that when VSi made those presentations, the '864
16 patent had not yet issued. At most, TIBCO insists, it was aware of VSi's patent application and the
17 '006 patent, but not the existence of the later-issued '864 patent. VSi is correct on this first issue:
18 knowledge of the '864 patent's existence was quite impossible before it issued, and there is no
19 indication in the FAC how TIBCO may have later discovered it. *State Indus.*, 751 F.2d at 1236. As
20 the Federal Circuit has clearly explained for willfulness claims: "To willfully infringe a patent, the
21 patent must exist and one must have knowledge of it. A 'patent pending' notice gives one no
22 knowledge whatsoever. … Filing an application is no guarantee any patent will issue and a very
23 substantial percentage of applications never result in patents. What the scope of claims in patents
24 that do issue will be is something totally unforeseeable." *Id. Accord Sealant Sys. Intern., Inc. v.*
25 *TEK Gobal*, No. C 11-0774, 2012 WL 13662, at *3 (N.D. Cal. Jan. 4, 2012) (knowledge of pending
26 patent application does not support claim of willfulness).

27 Conceivably, the result might be different if VSi was able to allege that TIBCO knew
28 precisely when the '864 patent was granted, and had advance notice of the claims that were to be

allowed, as in *National Presto*. *National Presto Indus. v. The West Bend Co.*, 76 F.3d 1185, 1193 (Fed. Cir. 1996) (finding knowledge based on awareness of pending application where defendant "agreed to receive and was sent a copy of allowed claims" set forth in the Notice of Allowability). Absent such facts, however, TIBCO's mere alleged awareness of the '864 patent application does not imply the requisite knowledge of the existence of the later-issued patent. *State Indus.*, 751 F.2d at 1236; *Sealant Sys. Intern*, 2012 WL 13662, at *3. Like principles apply to VSi's suggestion that knowledge of that patent in suit may be inferred from TIBCO's alleged awareness of the '006 patent, or, more generally, VSi's "patent portfolio," whatever it may include. The requisite knowledge of the patent allegedly infringed simply cannot be inferred from mere knowledge of *other* patents, even if somewhat similar.[3]

A somewhat closer question is presented by the FAC's pleading that TIBCO possessed actual knowledge at least by December 23, 2011, the date on which this action was filed. FAC ¶ 11 ("TIBCO had actual knowledge of the '864 Patent by at least December 23, 2011, when VSi filed its initial complaint"). It is unclear whether or not this averment rests solely on the presentations VSi allegedly made in 2005 or 2006, because there are simply no other supporting facts to be found in the FAC. TIBCO thus argues this allegation is too conclusory to state a claim. The authority on whether such a bare allegation constitutes a sufficient pleading is, admittedly, mixed. Both parties lay claim to supporting case law. *Bender v. LG Elecs.*, No. C 09-2114, 2010 WL 889541, at *5 (N.D. Cal. Mar. 11, 2010) (acknowledging "lack of complete uniformity in recent district court authority" concerning pleading willfulness after *Twombly* and *Iqbal*). VSi insists that it may proceed under the applicable pleading standard so long as it asserts that TIBCO had notice of, or willfully blinded itself to, the '864 patent.[4] Consistent with VSi's position, several cases out of this District, purporting to apply *Twombly* and *Iqbal*, have concluded that a "bare" factual assertion of

---

[3] Although VSi emphasizes that the '006 patent shares a common specification with the '864, it is the allowed claims, not the specification, that put potential infringers on notice of the scope of protection. Again, the specification may also be amended prior to issuance of the patent. Thus, this alleged commonality does not support an imputation of knowledge to TIBCO.

[4] According to VSi, the only other pleading requirement is that it must identify the allegedly infringing products. While it is true that a patentee must specifically identify the products alleged to infringe to state a claim for willfulness, that issue is not debated here. *Sony Corp. v. L.G. Elecs. U.S.A., Inc.*, 768 F. Supp. 2d 1058, 1064 (C.D. Cal. 2011).

knowledge or "actual notice," without more, is sufficient to state a claim for willful infringement. *See, e.g., Oracle Corp. v. DrugLogic, Inc.*, 807 F. Supp. 2d 885, 902-03 (N.D. Cal. 2011) ("By alleging that Oracle was aware of the '091 patent and had 'actual notice' of DrugLogic's infringement claims, DrugLogic has made out a 'bare' factual assertion that Oracle had knowledge of the '091 patent"), *and Rambus v. Nvidia Corp*., No. C 08-3343, 2008 WL 4911165, at * (N.D. Cal. Nov. 13, 2008) (finding allegation that defendant's infringement "has been and is willful, deliberate and in disregard of Rambus' patent rights," though not "factually detailed," is sufficient to state a claim).

Other cases from this District, also applying *Iqbal* and *Twombly*, find that a conclusory assertion of "willful infringement," without supporting facts, does not pass muster.  For example, *Avocet Sports Technology* recently held the mere allegation that, "The infringement by [D]efendants was willful, intentional and with conscious knowing disregard of [P]laintiffs' [sic] patent rights," to be insufficient to state a claim for willful infringement. *Avocet Sports Tech., Inc. v. Garmin Intern., Inc.*, 2012 WL 1030031, at *3 (N.D. Cal. Mar. 22, 2012).  Likewise, another decision from this District, *IpVenture*, rejected plaintiff's contention that knowledge of a pending application was sufficient to support a claim of willfulness, holding:

> Plaintiff's current complaint merely alleges the factual predicate that Defendants had knowledge of Plaintiff's patent application. Because there are no facts to support the claim that Defendants actually had knowledge of the issued patent, and there is merely the bare recitation of the required legal elements for willful infringement, the Court finds that Plaintiff has failed to state a cause of action for willful infringement.

*IpVenture, Inc. v. Cellco P'ship*., No. C 10-04755, 2011 WL 207978, at *2 (N.D. Cal. Jan. 21, 2011) (internal citations omitted).  In short, while a patentee need only make out the barest factual assertion of knowledge of an issued patent, a "bare recitation of the required legal elements for willful infringement" is inadequate.  *Id*.  *Accord Avocet Sports Tech.*, 2012 WL 1030031, at *3.  To be fair, the difference between the barest factual assertion of knowledge of an issued patent, and a "bare recitation of the required legal elements for willful infringement" is not exactly easy to draw, given that knowledge of the patent (or willful blindness) is a required element.  That said, it simply cannot be that an assertion of "willful infringement" is insufficient to state a claim, whereas an allegation of "actual knowledge," without more, is enough.

No. C 11-6638 RS
Order
6

Under the familiar pleading standard articulated by *Iqbal* and *Twombly*, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1950 (citing *Twombly*, 550 U.S. at 555); *Bradley*, 136 F.3d at 1322. Here, the FAC is silent as to whether VSi has any factual bases for its claim, other than the 2005 and 2006 presentations, which, as the foregoing discussion makes clear, are inadequate as a matter of law. VSi's failure to plead any facts directed to showing actual knowledge is hardly a technicality. To proceed, VSi's complaint must at least put TIBCO on sufficient notice to answer the complaint and defend the case. *McZeal*, 501 F.3d at 1356-57. "Whether an act is willful is by definition a question of the actor's intent, the answer to which must be inferred from all the circumstances." *Gustafson*, 897 F.2d at 511. Here, there is no way to discern what constitutes the basis for the averment of actual knowledge. It follows that the FAC, to the extent it relies on actual knowledge, is insufficient to sustain a willfulness claim.

Of course, the claim might still be viable if willfulness could be inferred based on the filing of this suit alone.[5] As TIBCO emphasizes, however, "in ordinary circumstances, willfulness will depend on an infringer's prelitigation conduct," because, while willfulness is an "ongoing offense that can continue after litigation has commenced," a patentee must have a good faith basis for alleging willful infringement in the original complaint. *In re Seagate Tech., LLC*, 497 F.3d at 1374 (citing Fed. R. Civ. P. 8, 11(b)). Thus, under *Seagate*, a patentee may move for a preliminary injunction based on a showing of post-filing reckless conduct by defendant, but "[a] patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct." *Id.* Here, VSi's original complaint alleged that TIBCO and its subsidiary "continue to infringe," Compl. ¶ 12, whereas the FAC alleges "TIBCO's continued infringement" is "willful and deliberate." FAC ¶ 12. Given the foregoing discussion, it is clear that at least up until now, VSi has failed to allege facts to support a claim for willfulness based on TIBCO's pre-litigation conduct. Other than the mere

---

[5] VSi's counsel acknowledged at the hearing that the FAC does not allege TIBCO had knowledge of prior litigation. As a consequence, that averment, though advanced by VSi in opposition to the motion to dismiss, is not considered here.

No. C 11-6638 RS
ORDER

7

suggestion that infringement continues, there are no facts in the FAC concerning TIBCO's post-filing conduct at all, and certainly none that would support a claim of recklessness. To permit VSi to proceed in this fashion would invite claims of willfulness in every patent suit, as a matter of course, and regardless of the facts. Given the uncertainties that surround patent validity, and the challenges of predicting litigation outcomes generally, such a rule would not comport with reality. *Gustafson*, 897 F.2d at 511 ("Nor is there a universal rule that to avoid willfulness one must cease manufacture of a product immediately … upon the filing of a suit"). To the extent VSi invokes case law from the Northern District of Illinois to suggest a contrary conclusion, those decisions are, of course, not binding and ultimately unpersuasive. Accordingly, the FAC, at least as it is currently constituted and to the extent it relies on an unsupported allegation of actual knowledge, fails to state a claim for willful infringement.

2. Willful blindness

In the event it fails to state a claim for knowing willfulness, VSi argues that it has nonetheless adequately pleaded facts reflecting TIBCO's willful blindness. To show willful blindness, as an alternative to actual knowledge, the patentee must plead facts demonstrating the defendant (1) subjectively believed there was a high probability a particular fact existed or was true, and (2) took deliberate actions to avoid learning of that fact. *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2070 (2011). A "finding of knowledge when there is merely a 'known risk'" of infringement and "'deliberate indifference' to that risk," is not sufficient to plead willful blindness. *Id.* at 2071. Nor will recklessness or negligence suffice. *Id.* Rather, as *Global-Tech* clarifies, "a willfully blind defendant is one who takes deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts." *Id.*

In this case, VSi again rests its claim on the averments that TIBCO was made aware of the '006 patent, the '864 patent application, "knew or should have known" of alleged functional similarities between the Spotfire Platform and MIDaS software, and "recognized, or should have recognized," that the two firms were "among only a handful of competitors in the business intelligence software space." FAC ¶ 13. The FAC also pleads that TIBCO took unspecified

"deliberate actions" to avoid a "known risk" that VSi possessed the '864 patent, and that TIBCO's customers infringed its claims.

These averments similarly are insufficient to sustain a claim under a theory of willful blindness. Although it is perhaps a closer question than alleged knowledge of the '864 patent premised on VSi's 2006 disclosure of the pending application, the factual averments in the FAC are insufficient to plead that TIBCO subjectively believed there was a high risk the '864 patent existed, in a final form that would implicate its Spotfire Platform. As the foregoing discussion makes clear, mere knowledge of a pending patent application is of little significance given the prospect that a patent may not ever be issued, or, if issued, be altered or narrowed in scope. *State Indus.*, 751 F.2d at 1236. Ultimately, however that issue need not be decided, because VSi has neglected to identify any affirmative actions taken by TIBCO to avoid gaining actual knowledge of the '864 patent. Instead, the FAC simply accuses TIBCO of "taking deliberate actions to avoid a known risk." FAC ¶ 14. In effect, the FAC merely restates the standard articulated by *Global-Tech*, backed by conclusory statements. This is insufficient to state a claim for relief under the pleading standard set forth in the Federal Rules, as articulated by *Iqbal* and *Twombly*, and does not provide the notice required by the Federal Circuit's precedents. *Phonometrics*, 203 F.3d at 794 (notice "requirement ensures that an accused infringer has sufficient knowledge of the facts alleged to enable it to answer the complaint and defend itself"). Accordingly, VSi's claim for willful infringement must be dismissed.

Although plaintiff has failed to state facts sufficient to support a claim for relief for willful infringement, it is at least conceivable that, provided the opportunity to amend, it could do so. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The sufficiency of the pleadings have not yet been litigated in this action, and given the liberal policy of the Federal Rules favoring amendment "when justice so requires," leave to amend is appropriate.

B. Indirect infringement

Section 271(b) of Title 35 states, "[w]hoever actively induces infringement of a patent shall be liable as an infringer." Under *Global-Tech*, to state a claim for inducement, the patentee must show that the alleged infringer had "knowledge of the existence of the patent that is infringed." 131

No. C 11-6638 RS
ORDER

S. Ct. at 2068. *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006) (*en banc*) ("The requirement that the alleged infringer knew or should have known his actions would induce actual infringement necessarily includes the requirement that he or she knew of the patent."). To proceed on such a claim, plaintiff must plead specific, supporting facts. *Nazomi Commc'ns, Inc. v. Nokia Corp.*, No. C 10-4686, 2011 WL 2837401, at *3 (N.D. Cal. July 14, 2011). VSi predicates its claim for inducement on the inadequate factual averments already discussed in the context of its willfulness claim. Because there are no factual averments to support plaintiff's allegation that TIBCO was actually aware of the '864 patent, let alone willfully blinded itself to the existence of the patent, the motion to dismiss must be granted as to this claim, as well. Similarly, leave to amend is appropriate for the reasons stated above.

## V. CONCLUSION

For the reasons stated, defendant's motion to dismiss must be granted with leave to amend on both claims for relief.

IT IS SO ORDERED.

Dated: 5/17/12

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE