Brooke A. M. Taylor, WSBA 33190 (Admitted *Pro Hac Vice*)
btaylor@susmangodfrey.com
Jordan W. Connors, WSBA 41649 (Admitted *Pro Hac Vice*)
jconnors@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883

Stephen E. Morrissey, CA Bar 187865
smorrissey@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3103
Facsimile: (310) 789-3150

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| VASUDEVAN SOFTWARE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> TIBCO SOFTWARE INC. <br><br> Defendant. | Case No. C11-6638-RS <br><br> **SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

For its Complaint, Plaintiff Vasudevan Software, Inc. (VSi) alleges as follows:

1. This case is related to, and involves some of the same patents involved in the prior action, *Vasudevan Software, Inc. v. International Business Machines Corporation, et al.*, Case No. 5:09-CV-05897 (RS-PSG) which was litigated in the United States District Court for the Northern District of California, San Francisco Division.

VSI'S 2nd AMD. COMPLAINT
FOR PATENT INFRINGEMENT         - 1 -

## THE PARTIES

2. Plaintiff VSi is a corporation duly organized under the laws of North Carolina with its principal place of business at 380-H Knollwood Street, Suite 193, Winston-Salem, North Carolina 27103.

3. Upon information and belief, Defendant TIBCO Software Inc. (TIBCO) is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 3303 Hillview Avenue, Palo Alto, California 94304.

4. Upon information and belief, TIBCO acquired Spotfire Inc. (Spotfire) in June of 2007. As a result of this acquisition, TIBCO assumed Spotfire's liabilities.

## JURISDICTION AND VENUE

5. This action arises under the United States Patent Laws, codified at 35 U.S.C. § 1, et seq.

6. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. TIBCO has sufficient contacts with this judicial district and the state of California to subject it to the jurisdiction of this Court. TIBCO's principal place of business is located at 3303 Hillview Avenue, Palo Alto, California 94304, within this District. TIBCO also advertises and sells its products to distributors and residents throughout California. In addition, TIBCO has committed acts of infringement in this District, and continues to commit acts of infringement in this District, entitling VSi to relief.

8. Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b), because TIBCO and Spotfire have committed acts of direct and indirect infringement in the Northern District of California, have transacted business in the Northern

District of California, and have established minimum contacts with the Northern District of California.

**COUNT ONE - INFRINGEMENT OF THE '864 PATENT**

9. On January 23, 2007, United States Patent No. 7,167,864 B1 (the '864 Patent) was duly and legally issued for an invention entitled "Multimedia Inspection Database System (MIDaS) For Dynamic Run-Time Evaluation." On January 6, 2009, an Ex Parte Reexamination Certificate was duly and legally issued for the '864 Patent. The Reexamination Certificate confirms the patentability of all claims. VSi was assigned the '864 Patent and continues to hold all rights and interest in the '864 Patent. VSi has complied with the requirements of 35 U.S.C. § 287. A true and correct copy of the '864 Patent and the Reexamination Certificate are attached as Exhibit A.

10. TIBCO has directly infringed and continues to directly infringe the '864 Patent by its manufacture, use, offer for sale, importation and/or sale of the TIBCO Spotfire Platform and other products. Under 35 U.S.C. § 271(a), TIBCO is liable for its infringement of the '864 Patent.

11. TIBCO also has indirectly infringed and continues to indirectly infringe by inducing its customers to directly infringe the '864 Patent. TIBCO had actual knowledge of the '864 Patent by at least December 23, 2011, when VSi filed its initial complaint. Upon information and belief, Defendant also had actual knowledge of VSi's patent portfolio, including the invention claimed in the '864 Patent, prior to the filing of VSi's initial complaint. VSi demonstrated its patented software MIDaS to Spotfire in 2005 and notified Spotfire that MIDaS was covered by U.S. Patent No. 6,877,006 ("the '006 Patent"). The '864 Patent is a continuation of the '006 Patent and thus the two patents share an identical specification. In early 2006, VSi made a similar demonstration and presentation of the patented MIDaS software to TIBCO.

During this presentation, VSi further notified TIBCO that MIDaS was covered by the '006 Patent and another pending continuation patent application that issued as the '864 Patent. Upon information and belief, TIBCO also had knowledge of the '864 Patent when it learned of the prior lawsuit between VSi, IBM and Oracle. TIBCO, IBM, Oracle and VSi are among only a handful of competitors in the business intelligence software space and competitors monitor the legal proceedings amongst themselves.

12. TIBCO induces its customers to infringe by providing them and others with detailed explanations, instructions, and information as to arrangements, applications, and uses of its TIBCO Spotfire Platform products that promote and demonstrate how to use those products in an infringing manner. Since the lawsuit was filed on December 23, 2011 (as well as before), TIBCO has provided its customers with user manuals and other product documentation that teach those customers how to infringe. For example, TIBCO created and provided documentation to its customers via its website for Spotfire Version 4.0.1 beginning in January 2012, for Spotfire Version 4.0.2 beginning in February 2012, and Spotfire 4.5 beginning in May 2012. *See*, *e.g.*, https://docs.tibco.com/products/#category=analytics-and-visualization; http://stn.spotfire.com/stn/UserDoc.aspx. The user manuals for those versions instruct TIBCO's customers to infringe and explicitly describe many of the relevant features in the accused Spotfire products, including: (1) "information links" (*e.g.*, p. 16, 163); (2) visualizations with multiple "dimensions" of data (*e.g.*, cross tables) (*e.g.*, p. 2, 221, ); (3) inserting rows and columns from different databases and joining the data in a single data structure (*e.g.*, p. 163-174); (4) "linking" databases within a visualization to import live data as opposed to embedding stale data within a file (*e.g.*, p. 1101); (5) creating "data source connections" (*e.g.*, p. 26-33); and (6) assigning users "permissions" to folders containing data source connections (*e.g.*, p. 997, 1000). *Id.* at Spotfire 4.5 User Manual; *see also* Spotfire 4.0.2 User Manual and Spotfire 4.0.1

User Manual. TIBCO has also created and provided webinars to its customers after the filing of this lawsuit that teach its customers how to infringe. *E.g.*, VSI-TIB 1697.

13. For the foregoing reasons, TIBCO knew or reasonably should have known prior to the filing of this lawsuit, and certainly knew by at least December 23, 2011 when VSi filed its initial complaint, and continues to know or reasonably should know that its actions induce its customers to directly infringe the '864 Patent (*i.e.*, TIBCO intended and intends for its customers to directly infringe the '864 Patent). Under 35 U.S.C. § 271(b), TIBCO is liable for its infringement of the '864 Patent.

14. Alternatively, TIBCO was willfully blind to its infringement and its customers' infringement of the '864 Patent because TIBCO knew before this lawsuit of VSi's patent portfolio (including the '006 Patent and the continuation patent application that issued as the '864 Patent), the functionality of VSi's patented MIDaS software, and that the MIDaS software was protected by VSi's patent portfolio. TIBCO also recognized or should have recognized the similarities between VSi's patented MIDaS software and its own TIBCO Spotfire Platform products, and that there was a high probability that TIBCO's Spotfire Platform products infringed VSi's '864 Patent. TIBCO also recognized or should have recognized that VSi and TIBCO were among only a handful of competitors in the business intelligence software space. Yet TIBCO willfully blinded itself to the infringement of the '864 Patent by taking deliberate actions to avoid a known risk that VSi had a protective '864 Patent and that TIBCO and its customers infringed that '864 Patent. Accordingly, TIBCO knew or reasonably should have known prior to the filing of this lawsuit, and certainly knew by at least December 23, 2011 when VSi filed its initial complaint, and continues to know or reasonably should know that its actions induce its customers to directly infringe the '864 Patent (*i.e.*, TIBCO intended and intends for its customers to directly

infringe the '864 Patent). Under 35 U.S.C. § 271(b), TIBCO is liable for its infringement of the '864 Patent.

15. Defendant's acts of infringement have caused damage to VSi, and VSi is entitled to recover from Defendant the damages sustained by VSi as a result of Defendant's wrongful acts in an amount subject to proof at trial. Defendant's infringement of VSi's exclusive rights under the '864 Patent will continue to damage VSi, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## **JURY DEMAND**

16. VSi demands a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, VSi prays for relief against Defendant as follows:

a. Judgment that Defendant has infringed and, after the filing of the Original Complaint in this action, induced others to infringe the '864 Patent;

b. Judgment that the '864 Patent is valid and enforceable;

c. A permanent injunction enjoining Defendant, its respective officers, agents, servants, employees, and those acting in privity with it, from further infringement and/or inducing infringement of the '864 patent;

d. Requiring Defendant to file with this Court, within thirty (30) days after entry of final judgment, a written statement under oath setting forth in detail the manner in which it has complied with the injunction;

e. Awarding VSi damages adequate to compensate for the infringement by Defendant, but in no event less than a reasonable royalty for the use made of the inventions by Defendant, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

1       f.    Declaring this case exceptional pursuant to 35 U.S.C. § 285, and awarding VSi its attorney fees;

      g.    Costs of court; and

      h.    Awarding to VSi such other and further relief, in law or equity, as the Court deems just.

Dated: July 24, 2012

By: Brooke A.M. Taylor (by permission EJE)
Brooke A. M. Taylor
Lead Attorney
WA Bar No. 33190 (Admitted *pro hac vice*)
btaylor@susmangodfrey.com
Jordan W. Connors
WA Bar No. 41649 (Admitted *Pro Hac Vice*)
jconnors@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
(206) 516-3880
(206) 516-3883 (fax)

Stephen E. Morrissey
CA Bar 187865
smorrissey@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
(310) 789-3103
(310) 789-3150 (fax)

Michael F. Heim
TX Bar No. 09380923 (Admitted *Pro Hac Vice*)
mheim@hpcllp.com
Leslie V. Payne
TX Bar No. 00784736 (Admitted *Pro Hac Vice*)
lpayne@hpcllp.com
Eric J. Enger
TX Bar No. 24045833 (Admitted *Pro Hac Vice*)
eenger@hpcllp.com
Nick P. Patel
TX Bar No. 24076610 (Admitted *Pro Hac Vice*)
npatel@hpcllp.com
HEIM, PAYNE & CHORUSH, LLP
600 Travis Street, Suite 6710
Houston, Texas 77002-2912

(713) 221-2000  
(713) 221-2021(fax)

ATTORNEYS FOR PLAINTIFF